MARTZ (CLEARY v.). See Case No. 2,873.

---

## Case No. 9,178.

### In re MARVIN.

[1 Dill. 178; [1] 3 Chi. Leg. News, 394.]

Circuit Court, E. D. Missouri. 1871.

BANKRUPTCY—INSANE DEBTORS—OBJECTION OF GUARDIAN.

A person who is so unsound in mind as to be wholly incapable of managing his affairs, cannot commit an act for which he can be forced into bankruptcy by his creditors against the objection of his guardian.

[Cited in Re Pratt, Case No. 11,371; Re Weitzel, Id. 17,365.]

[In review of the action of the district court for the Eastern district of Missouri.]

A petition was filed, in February, 1871, in the district court for the Eastern district of Missouri, by creditors, under the 39th section of the bankrupt act [of 1867 (14 Stat. 536)] for an adjudication of bankruptcy against William L. Marvin. Two acts of bankruptcy were charged: (1) That Marvin, being a merchant, on the 4th day of January, 1871, suspended and did not resume payment of his commercial paper within fourteen days, nor at any time thereafter. (2) That in January, 1871, Marvin being insolvent, did suffer his property to be taken on legal process under writs of execution and attachment, with intent to defeat and delay the operation of the bankrupt act. Marvin, by his guardian, appeared and filed an answer to the petition, stating that on the 30th day of January, 1871 (prior to the filing of the petition in bankruptcy), by due proceedings in the probate court of St. Louis county, Marvin was adjudged to be a person of unsound mind, and incapable of managing his affairs, and that by an order of said court B. D. Lee was duly appointed, and has qualified as guardian of the person and estate of the said Marvin. And the answer states that at the time mentioned in the petition, when the acts of bankruptcy were committed, Marvin was a person of unsound mind, wholly incapable of managing his business, and of committing any of the acts of bankruptcy charged against him, and had been in that condition of mind for more than six months before the commencement of the proceedings in bankruptcy. The district court (Treat, J.) held this to be a good answer to the petition, and accordingly overruled a demurrer thereto, and the petitioning creditors electing to abide by the demurrer, their petition was dismissed, and they bring the question into this court for review.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Tatum & Horner, for petitioning creditors.
B. D. Lee, opposed.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge, referring to the somewhat unsatisfactory state of the authorities cited in the note, observed, that upon consideration, the court is of the opinion that a person who is so unsound in mind as to be wholly incapable of managing his affairs cannot in that condition commit an act for which he can be forced into bankruptcy by his creditors, against the objection of his guardian. Whether such a person, on the petition of himself or guardian, may, if insolvent, go into voluntary bankruptcy, the court gives no opinion. Affirmed.

NOTE. Shelford says: "An inquisition of lunacy will not protect a lunatic against an action, and a commission of bankruptcy is a species of action against which lunacy cannot be used as a defense (Anon., 13 Ves. 590), if the act of bankruptcy was committed when the party was sane; for a lunatic under the influence of that visitation cannot commit an act of bankruptcy:" citing Ex parte Priddy, 8th June, 1793; Shelf. Lunatics, 429. See 2 Pars. Cont. (4th Ed.) 617, 3 Pars. Cont. (5th Ed.) 461, where the author seems to intimate a contrary doctrine, but no authorities to the point are cited. But see Ex parte Stamp, 1 De Gex, 345.