In re MOYER.

(District Court, E. D. Pennsylvania. November 2, 1899.)

No. 6.

BANKRUPTCY—OBJECTION TO ALLOWANCE OF CLAIMS—ESTOPPEL.

Where judgment creditors caused execution to be levied on property of their debtor within two months before the filing of a petition in involuntary bankruptcy against him by other creditors, and, pending a contest over the adjudication in bankruptcy, it was agreed between the judgment creditors and the petitioning creditors that the sheriff should sell the property levied on, deduct the costs of sale from the proceeds, and hold the balance until further orders, and after the adjudication the sheriff paid such balance to the trustee in bankruptcy, and the judgment creditors, abandoning all claims to priority, proved their claims as unsecured, *held*, that the petitioning creditors would not be heard to insist that the costs of the executions should be refunded by the judgment creditors before they were entitled to participate in the fund, being bound by the agreement.

In Bankruptcy. On review of decision of referee in bankruptcy as to allowance of certain claims.

Greenwald & Mayer, for petitioning creditors.

Charles Heebner, for judgment creditors.

McPHERSON, District Judge. The question for decision arises upon the following facts:

Certain judgment creditors of the bankrupt had issued execution in a state court against his personal property within two months before the petition was filed in this court by other creditors. The bankrupt resisted the petition, but an adjudication was finally entered. (D. C.) 93 Fed. 188. While this controversy was pending, the judgment creditors and the petitioning creditors agreed, "for the purpose of avoiding further litigation," that the sheriff might sell the property, "the costs of the sale to be paid and allowed immediately after the sale, and deducted from the proceeds realized, and the sheriff to impound the proceeds realized after deduction and payment of costs and collection fees, until further order of court." After the adjudication—which, in effect, determined that the bankrupt act prevented the executions from obtaining a preference—the sheriff paid the balance in his hands to the trustee, and this is the fund now being distributed.

The judgment creditors appeared before the referee and proved their debts, asserting no preference, but claiming as unsecured cred-

itors. No fraud upon their part was proved, but objection was made that they should not be allowed to share in the fund, upon the ground that they had received, and had not surrendered, a preference. Bankr. Act 1898, § 57, cl. "g." The question thus raised has been certified to the court by the referee, but upon the argument the objection was abandoned in view of the decision in Re Richard (D. C.) 94 Fed. 633; and the court was merely asked to impose terms upon the judgment creditors, so as to permit them to participate in the distribution only upon payment of the costs incurred on the execution tions. The argument is that, although a preference was not obtained, an effort to obtain it had undoubtedly been made, and that the costs of the attempt should not be borne by the fund,—that is, by the whole body of creditors,—but by the unsuccessful creditors themselves. It is unnecessary to decide the point now, for in my opinion the agreement above referred to binds the creditors that are now objecting. Having expressly agreed that the costs should be paid out of the fund, they cannot now be heard to insist that payment should be exacted from the judgment creditors.

The referee is instructed that the judgment creditors may share in the distribution.