---

## In re FUNK.

(District Court, N. D. Iowa. April 26, 1900.)

1. BANKRUPTCY—INSANITY OF RESPONDENT.

A court of bankruptcy will not take jurisdiction of a petition in involuntary bankruptcy against a person who, prior to the filing of such petition, had been formally and duly adjudged insane by a state court of competent jurisdiction, and for whose person and estate a guardian had, been appointed by such court.

2. SAME—ACTS OF BANKRUPTCY.

A transfer of property by a person who is so insane as to be wholly incapable of managing his business affairs cannot be held to be an act of bankruptcy on which a petition in involuntary bankruptcy may be maintained by his creditors against the objection of his guardian.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy.

J. T. Sullivan, for creditors.
C. M. Nagle, for guardian of respondent.

SHIRAS, District Judge. From the papers submitted to the court it appears that on the 4th day of October, 1899, Jacob A. Funk, then residing in Livingston county, Ill., was duly adjudged to be insane by the county court of the named county, and F. L. Rieke was appointed the guardian of his person and estate, and qualified as such guardian; and on the 12th day of March, 1900, a duly-certified copy of the record of such proceedings was filed in the office of the clerk of the district court in Wright county, Iowa; and thereupon, by order of that court, the said Rieke was appointed guardian of the property of said Funk in the state of Iowa,—it appearing that he then had a stock of goods in Wright county in charge of an agent or clerk. It further appears that on the 13th day of April, 1900, a petition on behalf of certain creditors was filed in this court, averring that Jacob A. Funk was insolvent, and had committed certain acts of bankruptcy in the months of March and April, 1900, by transferring property to secure debts due to certain named creditors. To this petition an answer has been filed by the guardian of the alleged bankrupt, in which is set forth the adjudication of the court in Illinois, declaring Funk to be insane, and the appointment of the guardian in Illinois, and also in Iowa, and then, by proper averment, the answer presents the question whether Funk can be adjudged a bankrupt for acts done by him after the date of the adjudication of insanity, and the appointment of a guardian for his person and property. By section 8 of the bankrupt act, it is declared that "the death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane." In this section provision is made for cases wherein the proceedings in bankruptcy are commenced during the lifetime of the party, or at a time preceding his becoming insane, and, in effect, the meaning of the section is that, in cases wherein the jurisdiction of the court in bankruptcy has rightfully attached, the proceedings shall not be abated by the subsequent death or insanity of the bankrupt. In cases wherein the party, although giving evidence of insanity, has not been adjudged insane, but remains in possession and control of his property, and his creditors seek his adjudication as a bankrupt, it might be held that the bankruptcy court could rightfully exercise jurisdiction, and could hold the party responsible for his acts done before the fact of his insanity had been ascertained and established; but, however this may be, it cannot be so held in cases like that now before the court, wherein it appears that, prior to the filing of the petition in bankruptcy on behalf of creditors, the party proceeded against had been adjudged to be insane by a competent court, and a guardian had been put in possession of his property. By section 3227 of the Code of Iowa, it is provided that, if the estate of an insane person "is insolvent, or will probably be insolvent, the same shall be settled by the guardian in like manner and like proceedings may be had, as are required by law for the

settlement of the insolvent estate of a deceased person." Under the provisions of this section, it becomes the duty of the guardian appointed by the district court of Wright county to settle up the estate placed in his hands under the direction of the court appointing him, and it will be the duty of that court to determine the question of the validity of the liens or conveyances executed since the date of the adjudication of the insanity of the alleged bankrupt, and to make due and proper distribution of the assets belonging to the estate now in its charge. It certainly cannot be held that the present bankrupt act confers upon the courts of bankruptcy the right to settle the estates of insolvent decedents unless jurisdiction in the court of bankruptcy had attached during the lifetime of the bankrupt, and the same rule must hold good in cases wherein, before the petition has been filed in the bankrupt court, the debtor has been adjudged to be insane, and his property has been taken charge of by a state court of competent jurisdiction.

It is further contended by the guardian in this case that the acts of bankruptcy charged in the petition were committed after Funk had been adjudged to be insane, and that he cannot be held responsible therefor in such sense that these acts can be held to be acts of bankruptcy; and in support of this contention the ruling of Judge Dillon in the case of In re Marvin, 1 Dill. 178, Fed. Cas. No. 9,178, is cited, wherein it was said that "the court is of opinion that a person who is so unsound in mind as to be wholly incapable of managing his affairs cannot in that condition commit an act for which he can be forced into bankruptcy by his creditors, against the objection of his guardian"; and it would seem clear that a person who, by reason of insanity, is wholly incapable of managing his business affairs, cannot be held to have intended to violate the provisions of the bankrupt act by entering into transactions which, by reason of his mental disability, would not be binding upon him under the rules of the common law. Under the admitted facts in this case, this court, as a court of bankruptcy, should not entertain jurisdiction of the petition filed by the creditors, and the same will therefore be dismissed, at the costs of petitioners.