## In re MOARK–NEMO CONSOL. MINING CO.

### (District Court, W. D. Missouri, S. W. D.   January 14, 1915.)

### No. 285.

1. EXECUTION ⬅☞37—MORTGAGED CHATTELS—EQUITY OF REDEMPTION—LEVY.
   Under the Missouri law a chattel mortgagor's equity of redemption in personal property may not be levied on and sold under execution after condition broken and the mortgagee has assumed possession.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 51, 95–97, 101, 103; Dec. Dig. ⬅☞37.]

.2. BANKRUPTCY ⬅☞59—"ACT OF BANKRUPTCY"—FAILURE TO DISCHARGE VOID LEVY.
   Where a chattel mortgagor's equity of redemption in the mortgaged property after condition broken and possession taken by the mortgagee was not subject to execution levy, his failure to vacate the levy within five days prior to sale did not diminish his estate or constitute a final disposition of any of his property, so as to give the execution creditor a preference, and hence did not constitute an "act of bankruptcy."

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. ⬅☞59.

   For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

In Bankruptcy.  In the matter of bankruptcy proceedings of the Moark-Nemo Consolidated Mining Company.   Involuntary petition .dismissed.

 Haywood Scott, of Joplin, Mo., for petitioning creditors.
A. W. Thurman, of Joplin, Mo., for bankrupt.

VAN VALKENBURGH, District Judge.   The sole question presented is whether the failure of the bankrupt to vacate a judgment levy upon certain property within five days prior to sale thereof under excution constituted an act of bankruptcy under section 3a of the act of July 1, 1898 (30 Stat. 546, c. 541 [Comp. St. 1913, § 9587]), which reads as follows: ,

"Acts of bankruptcy by a person shall consist of his having: * * * (3) Suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference."

[1] The record shows that the alleged bankrupt was in default un- .der the terms of a chattel deed of trust covering the entire property upon which the levy was made, and that the trustee, under said chattel deed of trust, had taken possession of the property prior to levy and had advertised the same for sale.   The following concession is made by counsel for petitioning creditors in his brief:

"Although, in most of the states, the rule is that the mortgagor's equity of redemption in personal property may be sold under execution at any time before the equity is foreclosed, yet the rule in Missouri seems to be to the contrary.   While there are no late cases on the subject, the earlier cases are to the effect that the mortgagor's equity of redemption, after condition broken and possession is in the mortgagee, is not the subject of sale under execution.

We find no cases to the contrary, in Missouri. It would seem, therefore, that the levy of the constable in this case was invalid."

This is undoubtedly the law in this state. Counsel contends that it was nevertheless the duty of the bankrupt to vacate or discharge the invalid levy.

[2] It seems to me, in passing, that counsel herein fails to distinguish between an invalidity which inheres in the proceedings through which judgment is procured or levy made upon property of the bankrupt otherwise subject to execution and sale, and a levy which is void and of no effect because made upon property immune from such levy. The act embraces all forms of legal procedure, the effect of which is to enable the creditor to secure a preference by fastening a lien upon the property of the bankrupt, whereby, through sale or other disposition, it may be transferred and withdrawn from the possession and control of the debtor, and from the ordinary reach of creditors for the payment of what is due to them. Loveland on Bankruptcy, vol. 1, p. 326. Some proceedings, such as attachment, fasten upon the property at the outset; and after judgment and sale the initial seizure may be consummated into a preferential transfer. An ordinary judgment does not operate thus. It can ripen into a preference only through an execution levy and sale of property which may thereby be withdrawn from the bankrupt's estate and devoted to the exclusive enjoyment of the judgment creditor. As was said by Judge McPherson in Re Moyer (D. C.) 93 Fed. 188, 189:

"The dominant fact seems to be the actual result that has been attained by the creditor. If, through legal proceedings, he has succeeded in obtaining a preference—that is (referring to section 60 for a description of preferred creditors), if the debtor is insolvent, and has either 'procured or suffered a judgment to be entered against himself, * * * and the effect of the enforcement of such judgment * * * will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class'—if this is the actual result of legal proceedings taken against an insolvent debtor, the clause in question requires the debtor to vacate or discharge such preference within a specified time, and if he fails so to do, declares that he has committed an act of bankruptcy."

Of course, the preference must be obtained out of property of the bankrupt which is thereby withdrawn from the estate subject to the claims of other creditors of the same class. Mr. Collier (9th Ed., p. 802) says:

"Estate Must be Diminished.—A fictitious transaction not affecting the estate of the debtor or the rights of creditors cannot be deemed a transfer, although assuming the form of one."

If A. were to secure a judgment against B. (an alleged bankrupt), and levy upon what is undeniably the property of C., could it be said that the duty would devolve upon B. to vacate this proceeding within five days of a sale which could in no wise affect or diminish his estate? Here, under the law in this state, this property had already been withdrawn from the control of the bankrupt by a mortgage creditor. It was not subject to levy under this execution, and a sale thereunder could have no effect of diminishing the bankrupt's estate, and thereby result in disadvantage to other creditors of the same class.

In Citizens' Banking Co. v. Ravenna National Bank, 234 U. S. 360–368, 34 Sup. Ct. 806, 809 (58 L. Ed. 1352), the Supreme Court, speaking through Mr. Justice Van Devanter, says:

"When one speaks of a sale or final disposition of property, he means by final disposition an act having substantially the effect of a sale—a transfer of ownership and control from one to another—and especially is this true when he is referring to a sale or final disposition in the enforcement of a lien."

The act says:

"Sale or final disposition of any property affected by such preference."

But it is conceded that this property was not, and could not be, affected by this so-called preference. None of the decisions brought to my attention conflict with the conclusion I have reached. It follows that the petitioning creditors have failed to establish the act of bankruptcy charged, and the petition must be dismissed.

It is so ordered.