## In re HOLMES.

(District Court, D. Minnesota, Third Division. June 24, 1926.)

**1. Bankruptcy ⬅⟫13—Person under guardianship for incompetency may be adjudicated bankrupt.**

A person adjudged incompetent, and for whom a guardian has been appointed in a state where an incompetent may be sued, may be adjudicated a bankrupt for acts of bankruptcy committed before the guardianship.

**2. Bankruptcy ⬅⟫100(1)—Order of adjudication cannot be attacked by motion to dismiss proceedings.**

Where a person has been adjudicated an involuntary bankrupt on proper notice and without answer or defense, the order cannot subsequently be attacked by a motion to dismiss the proceedings.

In Bankruptcy. In the matter of E. W. Holmes, alleged bankrupt. On order to show cause why proceeding should not be dismissed. Order to show cause discharged, and motion to dismiss denied.

Sexton, Mordaunt & Kennedy, of St. Paul, Minn., for guardian and alleged bankrupt.

William P. O'Brien, of St. Paul, Minn., for petitioning creditors.

MOLYNEAUX, District Judge. This is an order to show cause why this bankruptcy proceeding should not be dismissed. The defendant was adjudged a bankrupt herein on the 4th day of May, 1926. The acts of bank-

ruptcy charged are: "That within four months preceding the filing of this petition the said Edward W. Holmes, while insolvent, committed acts of bankruptcy, in that he did on the 11th day of January, 1926, transfer and pay to Charles Beard & Co., of the city of St. Paul, state of Minnesota, $149.93, and Fisher Bros., of the city of New York, state of New York, $482. That said transfers and payments were made to these creditors with intent to prefer the said creditors over and above the then and now other creditors, for the purpose of hindering and defrauding other creditors."

Neither the bankrupt nor the guardian answered the petition, nor appeared in the proceeding in opposition thereto. On the contrary, it appears by the affidavits filed herein that the guardian made no objection and concurred in the advisability of the bankruptcy proceeding. On the 7th day of June, 1926, this order to show cause was issued at the suit of the guardian. The grounds alleged for dismissing the proceeding are that at the time of the filing of the petition in bankruptcy, and of the adjudication of bankruptcy, the alleged bankrupt was under guardianship in the probate court of Ramsey county, Minn.

On the 8th day of February, 1926, Sue O. Holmes, wife of said Edward W. Holmes, filed a petition for the appointment of a guardian for him in the probate court of Ramsey county, Minn., and pursuant thereto he was adjudged an incompetent, and Henry R. Johnson was appointed guardian of his person and estate by said probate court, for the reason and on the ground that the "said Edward W. Holmes is incompetent to manage and handle his person and estate, by reason of excessive drinking, idleness, and debauchery."

[1] It is here contended that a party under guardianship as an incompetent cannot be adjudged a bankrupt. This is a jurisdictional question, and involves the power of the court on the application of creditors to proceed against such parties for the purpose of subjecting their property to the payment of their debts. It is contended that the alleged bankrupt, having been declared incompetent, as hereinbefore stated, is in the same position as if he had been adjudged an insane person.

If that be conceded, yet an insane person is capable of suing and being sued, although his capacity requires that he be protected, and to that end it is ordinarily required that he be represented by some one who may adequately enforce or protect his rights. In this state a person under guardianship for incompetency, as in this case, may be sued or defended by his guardian. Section 7437, Gen. Stat. 1913.

It is too well settled to admit of discussion that an insane or an incompetent person may be proceeded against by his creditors, and his property subjected to the payment of his debts. 32 C. J. 768; In re Weitzel (No. 17,365) 29 Fed. Cas. 604. A proceeding in bankruptcy is a species of action or suit, in its nature equitable, designed for the sequestration of the debtor's property, that the creditors may resort to instead of an ordinary suit at law or equity.

In such proceedings there are advantages to all parties concerned, that do not pertain to the remedies by actions at law, in equity, or in receiverships. The creditors are paid pro rata, preferences are prevented, and a settlement of the estate is had in one proceeding. The debtor has the advantage, by yielding his property to his creditors, of being discharged from his debts and his obligations. There is nothing in the Bankruptcy Act to indicate that it is not applicable to insane persons, who have subjected themselves to it by committing acts of bankruptcy while competent.

In Re Weitzel (No. 17,365) 29 Fed. Cas. 604, it was held: "That a party under guardianship as a lunatic may be adjudged a bankrupt against the consent of his guardian." I have found no authority adverse to this decision. The cases of In re Funk (D. C.) 101 F. 244, and In re Ward (D. C.) 161 F. 755, cited by counsel for the guardian are not adverse to this ruling. In both cases the acts of bankruptcy complained of were alleged to have been committed after the adjudication had been made and a guardian appointed.

In the case of In re Ward, the views expressed by the judge are not adverse to the rule here adopted. An insane person cannot commit an act of bankruptcy, so that, if the allegation be that he committed an act of bankruptcy while insane, the proceedings must be dismissed. In re Weitzel (No. 17,365) 29 Fed. Cas. 604; In re Funk (D. C.) 101 F. 244; In re Ward (D. C.) 161 F. 755. In the present case the acts of bankruptcy were committed before the alleged bankrupt was adjudged incompetent, and at a time when the presumption is that he was of sound mind.

I have discussed this case so far as an insanity case. Holmes was, on the 8th day of February, 1926, adjudged incompetent to manage and handle his person and estate, by reason of excessive drinking, idleness, and debauchery. It appears by the affidavits filed herein that on the 1st day of March, 1926, the

attorney for the creditors herein was employed, and his attention was called to the fact that Holmes was under guardianship; that he promptly conferred with the guardian, and after informing himself concerning the situation, and the condition of Holmes, agreed, on behalf of the creditors he represented, to cooperate with the guardian by allowing the bankrupt to continue in charge of his business, on the understanding that the bankrupt would attend closely and carefully to his affairs—it being the opinion of said attorney that the bankrupt, if he would, could liquidate better than any one else, to the interest of all concerned; that under this arrangement the bankrupt carried on two months; that towards the end of that period he again began to neglect his affairs. When this happened, the attorney for the creditors conferred with the guardian and Hon. Howard Wheeler, judge of the probate court of Ramsey county, and it was agreed by all of them that an involuntary petition in bankruptcy should be filed at once. The petition was filed on the 4th day of May, 1926, and the proceedings were duly commenced. I do not understand that it is questioned but that proper service of the petition and writ was made, in conformity with the statutes of the state of Minnesota. The ground that the guardian and alleged bankrupt are proceeding on here is that the court was without jurisdiction to entertain bankruptcy proceedings by reason of the adjudged incompetency of Holmes.

[2] 2. I think the proper proceeding in this case would have been for the guardian to have filed his answer to the petition in bankruptcy, and opposed his defense to adjudication of bankruptcy at that time. No motion has been made to set aside the judgment of the court adjudging Holmes a bankrupt. The court had jurisdiction to hear and determine the matter at that time, and had jurisdiction of the parties and subject-matter, and, as proper service was had and no answer filed, I think the adjudication cannot be questioned in this manner.

3. Holmes was not adjudged insane; he was adjudged incompetent to handle his person and estate by reason of excessive drinking, idleness, and debauchery. There is no presumption that he was not perfectly competent in January, when he committed the acts of bankruptcy, and it appears here that, even while he was under guardianship, he was permitted by the court and his guardian to manage his affairs and to run his business for two months; it being deemed by the court, the attorney for the creditors, and the guardian that, if he would, he could best settle up the estate and liquidate his affairs. It thus appears that he was not incompetent all of the time, but only when he was indulging in excessive drinking.

It is ordered that the order to show cause be and the same is hereby discharged, and the motion to dismiss these proceedings is hereby denied.