### In re TOBIN.
### No. 14125.

District Court, D. Minnesota,
Fourth Division.

Oct. 12, 1938.

A. M. Gunn, of Minneapolis, Minn., for Anna Stowell, as guardian of the alleged bankrupt.

Louis B. Schwartz, of Minneapolis, Minn., for the petitioning creditors.

NORDBYE, District Judge.

It appears that an involuntary petition was filed on August 13, 1938, against the alleged bankrupt, and on August 16, 1938, an answer was interposed by her guardian in which a general appearance was made setting up that on April 12, 1938, the alleged bankrupt was adjudged insane by the Probate Court of Hennepin County, and that on June 6, 1938, she was appointed guardian.

■ There is no inhibition in the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., against the adjudication of an insane person as a bankrupt, or against the administration of the estate of any incompetent person. The Act specifically provides that proceedings shall not abate by reason of the death or insanity of the bankrupt. Concededly, an insane person could not file a voluntary petition because of mental incapacity, but the authorities at least recognize that an involuntary petition may be filed and sustained against an insane person if an act of bankruptcy was committed by the bankrupt during a lucid interval. In re Kehler, 2 Cir., 159 F. 55; In re Holmes, D. C., 13 F.2d 653. In the latter case, the court stated (page 654):

"It is too well settled to admit of discussion that an insane or an incompetent person may be proceeded against by his creditors, and his property subjected to the payment of his debts. (Citing cases). A proceeding in bankruptcy is a species of action or suit, in its nature equitable, designed for the sequestration of the debtor's property, that the creditors may resort to instead of an ordinary suit at law or equity. * * *

"In Re Weitzel, 29 Fed.Cas. p. 604, No. 17,365, it was held: 'That a party under guardianship as a lunatic may be adjudged a bankrupt against the consent of his guardian.' I have found no authority adverse to this decision."

■ By analogy, therefore, the property of an insane person should be subject to the jurisdiction of the bankruptcy court if an act of bankruptcy was committed or suffered which did not require an intent or an affirmative act. The Court takes hold of the res of the person, and bearing in mind that a court of bankruptcy is primarily charged with the administration of the bankrupt's property, no good reason suggests itself why the bankruptcy proceedings should not be continued against an incompetent person the same as any civil proceeding which seeks to pursue and administer the res. If, for instance, the Bankruptcy Act permitted the filing of an involuntary petition on the grounds that a person is insolvent, without proving the commission of any specific act of bankruptcy, then it would necessarily follow that an incompetent's estate could be administered by a court of bankruptcy because the mental condition would be immaterial. Insolvency would be the only criterion. In the instant case, therefore, inquiry must be directed at the nature of the act of bankruptcy alleged in the petition.

It appears that, long before the alleged bankrupt was adjudged insane, an action was brought against her in State Court to obtain a money judgment. She interposed an answer which was stricken at the instance of the creditor, and the latter was permitted to proceed to enter judgment by default. However, the creditor delayed entering judgment until a few days after the alleged bankrupt's adjudication of insanity. This judgment has become a lien upon her real estate, the only asset which she has, and the proceedings herein were filed within four months after the judgment was entered.

The jurisdiction of this Court is based on Section 3a(4) of the Bankruptcy Act of 1898, as amended, which is the amendment of 1926, 44 Stat. 662, and reads: "Acts of bankruptcy by a person shall consist of his having * * * (4) suffered, or permitted, while insolvent, any creditor to obtain through legal proceedings any levy, attachment, judgment, or other lien, and not having vacated or discharged the same within thirty days from the date such levy, attachment, judgment, or other lien was obtained."

Decisions will be found which unequivocally state that no insane person can be adjudged a bankrupt, but a reading of these decisions generally discloses that the acts of bankruptcy alleged contemplate some affirmative act which the insanity negatived, and without proof of a lucid interval when the act was committed, it was reasoned that the petition would have to be dismissed. It will be observed that the instant proceeding is predicated on the portion of the Act which does not require a showing of intent, consent, or even knowledge of the entry of the judgment. Section 3a(3) of the Act, 44 Stat. 662, uses similar language, and reads as follows: "Acts of bankruptcy by a person shall consist of his having * * * (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or other disposition of any property affected by such preference vacated or discharged such preference."

This portion of Section 3 has been interpreted by the Supreme Court in Wilson Bros. v. Nelson, 183 U.S. 191, 22 S.Ct. 74, 46 L.Ed. 147. In that case, it appears that the debtor, some years before the filing of a petition in bankruptcy, gave his creditor an irrevocable power of attorney to con- fess judgment after maturity upon a promissory note of the debtor. Within four months before the filing of the petition in bankruptcy against the debtor, the creditor obtained a judgment and an execution thereon and the debtor failed at least five days before the sale on the execution to vacate or discharge the judgment or to file a voluntary petition in bankruptcy. The judgment was entered and the levy made without the procurement of the bankrupt and *without his knowledge or consent.* By reason of the power of attorney, however, the judgment and levy were unassailable and could not be discharged except by a voluntary petition in bankruptcy. The Circuit Court of Appeals certified to the Supreme Court certain questions of law, one of which was "whether the judgment so entered and the levy of the execution thereon was a preference 'suffered' or 'permitted' by the said Nelson within the meaning of clause (3) of § 3a of the bankrupt law [11 U.S.C.A. § 21(a) (3)]." [Page 75.] The Supreme Court answered this question in the affirmative, and in discussing the matter referred to other portions of Section 3a, subdivisions (1) to (5), 11 U.S.C.A. § 21(a) (1–5), stating (page 195 of 183 U.S., page 76 of 22 S. Ct.): "In the first and second of these an intent on the part of the bankrupt, either to hinder, delay, or defraud his creditors, or to prefer over other creditors, is necessary to constitute the act of bankruptcy. But in the third, fourth, and fifth no such intent is required."

The court further stated (page 198, 22 S.Ct. page 77): "In the case at bar, the warrant of attorney to confess judgment was indeed given by the debtor nearly thirteen years before. But being irrevocable and continuing in force, the debtor thereby, without any further act of his, 'suffered or permitted' a judgment to be entered against him, within four months before the filing of the petition in bankruptcy, the effect of the enforcement of which judgment would be to enable the creditor to whom it was given to obtain a greater percentage of his debt than other creditors."

In Re Moyer, D. C., 93 F. 188, the District Court was considering the same provision in the Bankruptcy Act, and stated (page 189): "It will be observed that this clause says nothing about the bankrupt's intent to enable the creditor to secure a preference; neither does it use the word 'procure,' which might seem to imply

that the debtor must take some part in bringing the preference about. The dominant fact seems to be the actual result that has been attained by the creditor."

The Circuit Court of Appeals in the Eighth Circuit in Long v. Farmers' State Bank, 147 F. 360, 9 L.R.A.,N.S., 585, commented upon Wilson Bros. v. Nelson, supra, stating (147 F. page 365): "The meat of the decision is found in this postulate: 'The act of 1898 makes the result obtained by the creditor, and not the specific intent of the debtor, the essential fact.'"

█ It appears that the alleged bankrupt, long before being adjudged insane, permitted the proceeding in which the judgment was entered to remain in default and took no step to pay the claim or oppose it except as indicated. Apparently, the defense she did seek to interpose was stricken out because it was insufficient, and it is fair to assume, therefore, that she had no defense to this claim for judgment. Under these circumstances, it would seem to follow that she "suffered or permitted" the judgment to be entered. Having suffered the judgment to be entered within the purview of the statute, it makes no difference what may have prompted the failure to discharge the judgment within the thirty day period. Even though one may have no knowledge of the judgment, mere failure to remove or discharge the same would render the bankrupt subject to the Act. By analogy, therefore, the insanity of the bankrupt should not prevent the creditors from seeking administration by the bankruptcy court. As stated in Re Moyer, supra, the controlling or dominant fact is the result that has been obtained by a judgment creditor in having a prior lien, and the knowledge, consent, or good faith of the debtor under such circumstances would seem to be immaterial. If the results are controlling, the insanity of the debtor at the time the preference occurs cannot divest the bankruptcy court of its jurisdiction.

In the final analysis, the creditors are prejudiced and their claims imperiled to the same extent whatever factual situation may have been responsible for the preference. This is strikingly apparent in the instant situation. If this petition is dismissed because of the insanity of the judgment debtor, the creditor who has a lien by reason of his judgment will exhaust the entire estate. The remaining creditors will be without any remedy to procure an equitable distribution of the assets. The Probate Court cannot deprive this judgment creditor of his prior lien. No machinery exists in any court except the bankruptcy court where this estate may be administered and the creditors all accorded a pro-rata distribution without preference. The instant petition was filed within the four months period, and the judgment, therefore, is subject to provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

██ The alleged bankrupt is represented by a guardian and her rights will be protected as in any other civil proceeding. The guardian has appeared generally and the Court therefore has jurisdiction to determine the question presented. Certainly, it is difficult to perceive any sound distinction between an adjudication of insanity before the filing of the petition and an adjudication after the filing of the petition, if the petitioning creditors establish an act of bankruptcy. The administration of the bankruptcy court is just as necessary in one situation as the other in order to afford adequate protection to creditors. It would seem, therefore, that a sound and practical construction of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., justifies a holding that an insane person can be adjudged an involuntary bankrupt whether the insanity occurs before or after the filing of the petition, provided that the act of bankruptcy was such that it could have been committed by the alleged bankrupt in her mental condition. If an intent or other affirmative act requiring the functioning of a normal mind is necessary, the burden of proof rests upon the creditors, and if, by reason of the insanity, the alleged act was not or could not have been committed, the petition cannot be sustained. However, in the instant situation, no intent being necessary, the facts and circumstances justify a finding that this alleged bankrupt suffered or permitted a creditor to obtain a preference within the meaning of Section 3 (a) (4) of the Bankruptcy Act. The motion to dismiss is therefore denied. It is so ordered.