**In re CLINTON.**

No. 13410.

District Court, S. D. California, Central Division.

June 16, 1930.

Manley C. Davidson, of Los Angeles, Cal., for bankrupt.

A. S. Gold and Francis F. Quittner, both of Los Angeles, Cal., for trustee Lynch.

Herbert Choynski, of San Francisco, Cal., and Cooper & Collings, and Amos Friedman, all of Los Angeles, Cal., for creditor Markowitz.

COSGRAVE, District Judge.

This matter comes before the court on a motion of Daniel S. Marcowitz to set aside the order of adjudication of bankruptcy, en-

tered against the incompetent on July 24, 1929.

From the agreed statement of facts it appears that the debts giving rise to the bankruptcy were incurred prior to April 8, 1929, by James Clinton. On the date last named he was adjudicated an insane person and committed to an insane asylum. On the same day in the state court S. Ellis Kamens was appointed and qualified as guardian of the estate of the incompetent. On July 22d an order was made in the estate of the incompetent authorizing the guardian to file a petition in bankruptcy in the United States District Court on behalf of the incompetent, praying that he be declared a voluntary bankrupt. This was done. On July 24th thereafter, the incompetent was adjudicated bankrupt, and E. A. Lynch was duly appointed trustee. A suit is now pending wherein the trustee in bankruptcy seeks to set aside an alleged preference given by the bankrupt to Mr. Marcowitz, the petitioner, who is his father-in-law. No proof of debt has been filed against the bankrupt by Mr. Marcowitz, and the latter had knowledge of all the bankruptcy proceedings.

The ground upon which it is sought to vacate the adjudication is the lack of jurisdiction in the District Court to enter a decree of adjudication against the incompetent. It is urged that an insane person cannot be a voluntary bankrupt. The principal authorities relied upon are Collier on Bankruptcy (12th Ed.) vol. 1, § 5, p. 145, Remington on Bankruptcy (2d Ed.) vol. 1, § 38½, p. 65, and certain other cases, the leading one being In re Eisenberg, 117 F. 786, decided by the District Court of the Southern District of New York in 1902.

The trustee in bankruptcy opposes the petition on many grounds. He urges that the order of adjudication was within the jurisdiction of the District Court and within the terms of the Bankruptcy Act itself. He cites a number of cases as authority, among others a recent case, In re Holmes (D. C.) 13 F.(2d) 653.

From a study of the authorities cited, it is apparent that the precise question presented in this case is left considerably in doubt; i. e., an act of bankruptcy having been committed while the debtor is competent, and the debtor thereafter having been adjudged an incompetent before any proceedings in bankruptcy had been initiated, can a valid adjudication in bankruptcy thereafter be made on petition of his guardian?

The adjudicated cases uniformly hold that an insane person, or one non compos mentis, cannot commit an act of bankruptcy. The Bankruptcy Act expressly provides (section 8a [11 USCA § 26]) that the insanity or death of the bankrupt shall not abate the proceedings, referring necessarily to proceedings commenced before death or insanity.

The question here presented is not determined by the act, and the text-books cited seem to base their language on the case of In re Eisenberg (D. C.) 117 F. 786. This case I do not regard as at all conclusive. The cases heretofore decided in this court have been in support of the adjudication, although I cannot find any written opinions on file.

After a study of the authorities I am of the opinion that the District Court in this case did not exceed its jurisdiction in adjudging the incompetent to be bankrupt. By the terms of the Bankruptcy Act, any person, with exceptions not important here, may be a voluntary bankrupt. Section 4a (11 USCA § 22(a). He must reside within the district for a certain length of time. Section 2(1), 11 USCA § 11(1). Indeed, insolvency is not necessary to the filing of a voluntary petition. Any qualified person may file such a petition. Section 59a (11 USCA § 95(a).

Under the law of California, every guardian must pay his ward's just debts. He must settle all accounts and recover debts due the ward, manage the ward's estate, and may under order of the court sell the ward's property if necessary to pay debts. Code Civ. Proc. §§ 1768–1771. He is at all times controlled by the court in the disposition of his ward's property. Civ. Code, § 251. He has the management of the ward's estate. Code Civ. Proc. § 1765. An important distinction exists between estates of decedents and those under guardianship. In the former, creditors share ratably in case of a deficiency of assets. There is no similar provision in relation to estates under guardianship. It is even possible for diligent creditors to obtain payment of their claims against an incompetent without actual notice to his other creditors. This leads to a condition which the bankruptcy law seeks to avoid, a race among creditors. It might therefore be desirable that bankruptcy proceedings be had in the case of an incompetent where the same reason would not exist in the case of decedents.

■ It is urged on behalf of the petitioner that one adjudged incompetent is not "qualified" to become bankrupt, and In re Eisenberg, supra, is cited as authority on this point. There is no question that the case so holds. There is a distinction, however, to be noted in that case. There was no order of the probate court allowing the filing of the voluntary petition in bankruptcy as in the case at bar. The reasons stated in the decision are not to my mind convincing. The incompetent person is held not "qualified" under section 59a of the Bankruptcy Act. To my mind the term refers to the qualifications existing at the time of the filing of the petition, such as residence and debts, and not to the ability of the bankrupt to perform the duties required after the adjudication. These are purely administrative in character, and under the laws of California may well be performed by a guardian. If, after bankruptcy proceedings have been commenced, lunacy or incompetency overtake the bankrupt, this does not prevent the administration of his estate by the bankruptcy court. Yet the bankrupt would not be qualified to perform the duties laid down in section 7a (11 USCA § 25).

■ Any one who can bring himself within the provisions of the act is entitled to an adjudication. This means only that he must be a natural person, reside in the district, owe debts, and be willing to be adjudged a bankrupt. It requires no voluntary act on the part of the bankrupt to accomplish the essential purposes of the act, for, immediately upon the appointment and qualification of the trustee, title to all of the bankrupt's assets, whether included in his own schedule or in the inventory, vests by operation of law in the trustee. In the present case, the debts having been incurred prior to the decree of incompetency, the presumption is that they were incurred while the bankrupt was sane.

The decisions are not uniform, but often turn on the question whether the acts of bankruptcy were committed while the bankrupt was sane or insane. The conclusions I have reached are supported by In re Pratt, 19 Fed. Cas. page 1248, No. 11371; In re Weitzel, 29 Fed. Cas. page 604, No. 17365. The latter case, although not decided under the present act, holds that the adjudication may be made even against the consent of the guardian. The court reasons that, as is the case in California, the lunatic was a person within the meaning of the Bankruptcy Act and amenable to civil action by his creditors. In re Funk, 101 F. 244 (D. C. Iowa, 1900), the court refused to take jurisdiction of a petition of involuntary bankruptcy against a person adjudged insane and under guardianship. The decision points out, however, that by the Code of Iowa provision is made for the ad-

23ministration of insolvent estates of insane persons by the guardian in like manner as in the estates of deceased persons. The acts of bankruptcy also were committed after the adjudication of insanity.

In Re Holmes, 13 F.(2d) 653 (D. C. Minn. 1926), the point is directly decided that a person adjudged incompetent, for whom a guardian has been appointed, may be adjudged a bankrupt against the consent of his guardian for acts of bankruptcy committed before the guardianship. The proceeding was involuntary.

Under the laws of California, a person, although adjudged incompetent, may yet be held to answer for his civil obligations incurred while he was competent. No sound reason seems to exist for depriving him of the privilege of the Bankruptcy Act or relieving him of its effects. No proceeding is provided in California requiring creditors to share ratably the assets of an estate under guardianship thereby tending to the evils that the Bankruptcy Act is designed to prevent. The management, sale, and disposition of the ward's property is under the control of the court having jurisdiction of the estate. I am of the opinion, therefore, that it was competent for the state court to authorize the filing of a petition in voluntary bankruptcy and that the District Court did not exceed its jurisdiction in making the adjudication.

The petition to set aside the order of adjudication should be therefore denied. It is so ordered.