742

In re EVANISHYN.
No. 87.

Circuit Court of Appeals, Second Circuit.
Nov. 20, 1939.

William Edelson, of New York City (Sidney Basil Levy, on the brief), for appellant.

Samuel Robbins, of New York City, for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal is whether involuntary proceedings in bankruptcy may be brought against a person who has previously been adjudged insane by a state court of competent jurisdiction. The controversy is between two creditors of Pauline Evanishyn. She was declared insane and committed to the Matteawan State Hospital by order of the county court of Westchester County, New York, entered on March 27, 1939, in proceedings begun on March 23. Prior thereto, on January 16, 1939, a creditor named Baron had obtained judgment against her in a state court action and in supplementary proceedings had had David J. Wolper appointed receiver of her property. Subsequently, on April 6, 1939, another creditor, the present appellee, filed an involuntary petition in bankruptcy alleging as acts of bankruptcy the failure to discharge the lien of the Baron judgment and the appointment of the receiver in supplementary proceedings. Before the bankrupt through her guardian ad litem was required to answer the petition, the said receiver moved to dismiss the proceedings on the ground that the bankruptcy court lacked jurisdiction. His motion having been denied, this appeal was taken by the receiver.

The Bankruptcy Act contains but one reference to insanity. Section 8 provides that the death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane. 11 U.S.C.A. § 26. From this provision the

appellant would have us draw the inference that jurisdiction is excluded unless the petition in bankruptcy is filed before the alleged bankrupt became insane, even though he committed an act of bankruptcy while compos mentis. But any such inference is, in our opinion, refuted by section 4, 11 U.S.C.A. § 22, which provides that "any person," except certain types of corporations, may become a voluntary bankrupt, and "any natural person," with specified exceptions, as well as certain corporations, may be adjudged an involuntary bankrupt. The argument that "natural person" excludes an individual who has been adjudged a lunatic cannot be accepted. "Natural person" is contrasted with "person" in the earlier clause, and "person" as there used and as defined in section 1, sub. 23, 11 U.S.C.A. § 1, sub. 23, includes both individuals and corporations. The adjective "natural" was introduced to exclude artificial persons and prepare the way to except from involuntary bankruptcy human beings who are wage earners or engaged chiefly in farming or tillage of the soil. Giving to section 4, sub. b, 11 U.S.C.A. § 22, sub. b, its ordinary significance we can entertain no doubt that a person who was sane enough to commit an act of bankruptcy may be adjudged an involuntary bankrupt, although overtaken by insanity before the petition was filed against him. Nor do we perceive any reason why it can reasonably be supposed that Congress would desire to prevent creditors of such a person from obtaining administration of his property in bankruptcy. Under the law of most states, if not all, a lunatic's property may still be reached by his creditors. See cases collected in 92 A.L.R. 919. Since he is not protected against an ordinary action, no reason is apparent for protecting him against a petition in bankruptcy, which will produce an administration of his estate for the benefit of all creditors. The advantage of such an administration is particularly apparent in the case at bar, for we are told that under the state law the appellant will obtain a preference by reason of Baron's judgment unless the lien thereof can be avoided by bankruptcy. See Grant v. Humbert, 114 App.Div. 462, 465, 100 N.Y.S. 44. It is true the alleged bankrupt will not be able to perform all the duties required of a sane bankrupt; but this is equally true of one who becomes insane immediately after the filing of the petition. Yet section 8, 11 U.S.C.A. § 26, shows that in the latter case this offers no insuperable objection; nor does it, if a bankrupt against whom a petition has been filed disappears and eludes discovery. Such duties may be performed by others to the satisfaction of all requirements of the Act, whenever that becomes necessary.

For the foregoing reasons we are convinced that the district court was correct in overruling the appellant's objection to its jurisdiction. In re Holmes, D.C., 13 F.2d 653, and In re Tobin, D.C., 24 F.Supp. 825, are directly in point. Although there has been some divergence of judicial opinion, the better reasoned discussions of courts and commentators are in accord with the views we have expressed. See In re Kehler, 2 Cir., 159 F. 55; In re Marvin, Fed.Cas.No.9,178; In re Pratt, Fed.Cas. No.11,371; In re Weitzel, Fed.Cas.No. 17,365; In re Funk, D.C., 101 F. 244; In re Eisenberg, D.C., 117 F. 786; In re Clinton, D.C., 41 F.2d 749; Anon., 13 Ves.Jr. 590; In re Lee, 23 Ch.D. 216; In re James, 12 Q.B.D. 332; Saunders v. Mitchell, 61 Miss. 321; Gilbert's Collier on Bankruptcy, 4th Ed., §§ 202, 211; Remington, Bankruptcy, 4th Ed., § 99; Ringwood's Principles of Bankruptcy, 14th Ed., p. 20; Zollmann, Persons of Abnormal Status as Bankrupts, 10 Columbia L.Rev. 221, 235; 16 Harvard L.Rev. 56; 29 Mich.L.Rev. 243; 25 Ill.L.Rev. 934. Whether a voluntary petition may be filed by an incompetent's guardian need not be and is not decided at the present time.

Order affirmed.