## In re SAFRIS.

### No. B 63.

United States District Court
D. New Jersey.

May 8, 1953.

———◆———

Irving Gelber, Newark, N. J., for Sam Gelber.

Jack L. Cohen, pro se.

Bracken & Walsh, Newark, N. J., for Flora Safris.

Max J. Mareiniss, Newark, N. J., for Ben Chesner.

HARTSHORNE, District Judge.

Morris Safris disappeared from his hotel at Miami Beach October 29, 1952, while visiting there. Two months thereafter his wife and daughter filed a complaint in the New Jersey Superior Court, Chancery Division, Essex County, asking for the appointment of a "statutory receiver * * to conserve the assets" of his estate. That court thereupon appointed the wife "trustee for the purposes of filing a petition for arrangement under Chapter XI of the Bankruptcy Act in the United States District Court of the District of New Jersey."

Such a petition was then filed by the wife, as such trustee, in the Bankruptcy Court. That court thereupon dismissed the petition, such action now being here on certificate of review.

There is, of course, no question as to the power of the State Superior Court, either under the New Jersey statute, N.J.S.A. 3A:39–1, or perchance under its general equity powers, to conserve and protect the property of a missing person. But the question here is a substantially different one, i. e. whether such an equity trustee can obtain the substantially greater advantages given the debtor by bankruptcy, and more specifically by the provisions for arrangement under Chapter XI of such act. Title 11 U.S.C.A. § 701 et seq.

One all-important difference between equitable insolvency and Federal bankruptcy, is that in bankruptcy, assuming no fraud, the bankrupt is thereafter discharged of his debts, and the creditors are barred from further proceeding thereon. But this is not necessarily the case in equitable insolvency. In fact, so much of the old New Jersey insolvency act as purported to discharge the debtor from the claims of his creditors was held invalid, as an unconstitutional interference with the exclusive authority of the Federal government over bankruptcy.[1]

But in order for the debtor to obtain this great advantage, of being given a fresh start in life by such discharge from the burden of his debts, thus impairing the obligations of his creditors, the Bankruptcy Act gives the creditors the important power to examine the bankrupt at length with regard to acts previous to bankruptcy, to ascertain if there have been any preferences or fraud. However, in the case at bar creditors will be unable to avail themselves of this important right to examine the debtor, who disappeared so shortly before his wife took the present proceedings, in which fifty cents on the dollar is offered the creditors "in complete payment of the amount due them." Non constat but that

---

1. U.S.Const., art. I, Sec. 8; Boese v. King, 1883, 108 U.S. 379, 2 S.Ct. 765, 27 L.Ed. 760; International Shoe Co. v. Pinkus, 1928, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318.

such debtor may have given preferences, and may turn up but a few months after an arrangement has been consummated, and yet the creditors be barred from ever receiving more than fifty cents on the dollar.

That Congress did not intend this to occur is evident from the fact that under Chapter XI only the debtor can propose an arrangement. U.S.C.A. Title 11 Sec. 706, sub. 5, Sec. 721, 8 Collier, Bankruptcy, 14th Edition, page 268, note 5, page 269. Here the trustee wife who files the petition is obviously not the "debtor"—her husband. In fact, counsel agree that she is appointed for the benefit of all, and represents, therefore, not only the debtor, but his creditors, as well. The latter are not authorized to file a petition for arrangement.

Nor are the cases permitting a decedent, by his personal representative, or an incompetent, by his guardian, to go, or be put, into bankruptcy, to the contrary. In re Clinton, D.C.S.D.Cal.1930, 41 F.2d 749; In re Evanishyn, 2 Cir., 1939, 107 F.2d 742, 125 A.L.R. 1290. Neither a dead nor incompetent debtor can ever be examined by his creditors. The creditors thus lose nothing they can ever hope to attain, when the bankrupt is discharged without such examination. Such cases are not real exceptions to the statutory purpose. Not so, when a debtor has simply disappeared, shortly before his family bring proceedings to pay his creditors fifty cents on the dollar, in return for a discharge. The intent of the Congress to achieve such a result must be more clearly indicated before this Court would feel justified in so construing Chapter XI of the Bankruptcy Act.

Indeed, quite regardless of the fact that the proceedings for the appointment of this "statutory receiver" were taken some two months after the debtor's disappearance, rather than after the statutory "one year", it seems doubtful if the New Jersey Legislature intended, if they could, to authorize proceedings in bankruptcy. For the statute in question provides that the state trustee "shall be under the direction and control of the court appointing him", i. e., of the State Court of Chancery. The statute further provides that such trustee "shall have full power over the property". If bankruptcy supervenes, whether under Chapter XI or otherwise, obviously it is the receiver or trustee in bankruptcy who will have full power over the property, Title 11 U.S.C.A. § 732, and this official may not be the estate trustee at all. Of course, it is then the Federal Court which will have full control. Clearly, the New Jersey Legislature intended to put in statutory form some at least of the ancient general power of courts of equity to conserve the property of an insolvent, under its own broad jurisdiction, not under the broader powers, in some aspects, of Federal bankruptcy.

The order of the Referee dismissing the above petition for arrangement is affirmed.