**In re Maryann ZAWISZA, Debtor.**

**Bankruptcy No. 87–00235S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

May 27, 1987.

Alison E. Hirschel, Niles Schore, Mary Jeffery, Philadelphia, Pa., for debtor by her Next Friend Stephen Feldman.

Pamela L. Pentin, Philadelphia, Pa., for Geriatric and Medical Services, Inc.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Before the Court is a Chapter 13 bankruptcy brought on behalf of Maryann Zawisza (hereinafter referred to as "the Debtor"), whom all parties agree is a mental incompetent, by her "next friend," Stephen Feldman, Esquire (hereinafter referred to as "Feldman"). A creditor, Geriatric and Medical Services, Inc. (hereinafter referred to as "Geriatric"), has filed the instant Motion to Dismiss pursuant to 11 U.S.C.

§ 1307(c), alleging the existence of good cause on the grounds that the petition was improperly filed and because Feldman is an inappropriate party to file the bankruptcy petition for the Debtor.[1] Only a narrow legal issue is presented for our determination, as the mental incompetence of the Debtor is not disputed by either party. No factual record was made in this case and, indeed, no other facts appear are needed for the resolution of Geriatric's Motion to Dismiss.[2] We hold that an incompetent person is not barred from filing a voluntary bankruptcy petition, and that Feldman is an appropriate person, as Zawisza's next friend, to file same on her behalf. Consequently, we shall enter an Order denying Geriatric's Motion to Dismiss.

Although the following facts are not of record, the Court having been informed of them by way of the parties' Briefs, we accept them as true for the purposes of deciding this Motion.[3] The Debtor is responsible for a debt in excess of $30,000.00 owed to Geriatric for services arising out of her admission to the Cheltenham Nursing Center, a private nursing home, which is a wholly-owned subsidiary of Geriatric. In an effort to obtain payment on this debt from the only asset of the Debtor, her home, Geriatric filed suit to enjoin the conveyance of the property in state court, along with a Notice of Lis Pendens, on December 31, 1986. Although the Debtor is indisputably incompetent, no petition for guardianship has been filed on her behalf, either generally or in connection with that action.

On January 15, 1987, a Chapter 13 Bankruptcy Petition was filed for the Debtor by Feldman as her "next friend." Geriatric then filed the instant Motion to Dismiss on the grounds that a mentally incompetent person is incapable of filing a voluntary bankruptcy petition; that, alternatively, the only proper person to file such a petition is a court-appointed guardian, thereby requiring dismissal of the instant case filed by

1. Procedurally, Geriatric's Motion to Dismiss had been granted by Order of the Court on March 13, 1987, upon Geriatric's filing of a Certification of No Answer and No Objection to the Motion. The Debtor immediately thereafter filed a Motion for Reconsideration of this Order and requested Expedited Consideration thereof on March 18, 1987, which was set down for a Hearing on March 24, 1987, asserting, in this Motion, that the Debtor had attempted to file a timely Answer on March 16, 1987, which was not accepted in light of the Court's Order of March 13, 1987, granting dismissal.

   The crux of the Debtor's argument was that, insofar as Bankruptcy Rule 9006(f) permits the addition of three days to the fifteen days within which an Answer was required to be filed, that timely filing of an Answer was met by filing same on March 16, 1987. Service was made by first class mail on February 25, 1987. Geriatric asserts that the fifteenth day on which to timely file an Answer fell on March 12, 1987. The Debtor asserts that, since three days may be added on because of manner of service, and since March 15th was a Sunday, the Debtor's Answer was timely filed on March 16, 1987. Without reaching the issue of the applicability of Bankruptcy Rule 9006(f) to extend the time in which to file Answers to Motions, in which proceedings we entered specific Orders directing that the period to file an Answer was *fifteen* days from the date of service, we granted the Debtor's Motion for Reconsideration and Vacated the Order Granting Dismissal, so as to consider the Motion for Dismissal on the merits, for two reasons. First, the Debtor filed a timely Motion for Reconsideration and it is certainly within our discretion to grant or deny such a motion. Secondly, and more importantly, we have previously expressed in *In re Owens*, 67 B.R. 418, 423 (Bankr E.D.Pa.1986), and reaffirm herein, it is our strong preference to decide matters on the merits and not allow our Motion rules to be a trap for the unwary. In keeping with a liberal policy of reconsidering and setting aside dispositions not rendered on the merits on timely motion, the case *sub judice* is certainly an appropriate one to which to apply this policy, since clearly the Debtor has evinced a strong desire to defend against the instant Motion. Moreover, we acknowledge that, depending on the applicability of Rule 9006(f), the Answer may have been timely filed.

2. At the hearing on March 24, 1987, all parties clearly had an opportunity to present evidence. Counsel for Geriatric declined to present any evidence, asserting her readiness to argue the legal issues. Therefore, Geriatric's statement in its Brief that it would "have been more comfortable presenting factual testimony at a hearing on this Motion," to the extent that this suggests that the Court denied it an opportunity for a hearing, is misplaced. Geriatric *chose* not to present testimony at the hearing and cannot at this juncture seek to undo that choice.

3. It also appears that certain of these assertions may be disputed by the parties, and hence these recitations are not to be construed as Findings of Fact by the Court.

the Debtor's next friend; and that the Debtor did not qualify as a person "with regular income," per 11 U.S.C. § 109(e). We reject each of these assertions.

## I. THE DEBTOR, AS AN INCOMPETENT PERSON, IS NOT BARRED FROM SEEKING RELIEF IN BANKRUPTCY

■ The Bankruptcy Code provision governing voluntary cases states "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter...." 11 U.S.C. § 301. An "entity that may be a debtor" under Chapter 13 is defined, in pertinent part, as:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, ... may be a debtor under Chapter 13 of this title. 11 U.S.C. § 109(e).

We believe that the Debtor in this case qualifies under this definition as an "entity that may be a debtor."

There is no explicit requirement in 11 U.S.C. § 109(e) or anywhere else in the Code that an individual filing a Chapter 13 Petition be competent; it states merely that an individual who meets certain other requirements may be a debtor. We are very reluctant to add to the Code requirements for filing which simply are not there.

Furthermore, the large majority of the small body of cases which have considered the question hold that a guardian may file a voluntary petition for bankruptcy on behalf of an incompetent where a court order authorizes such a filing. *In re Kirschner*, 46 B.R. 583, 584 (Bankr.E.D.N.Y.1985); *In re Clinton*, 41 F.2d 749 (S.D.Cal.1930). *See also, In re Burka*, 107 F. 674 (W.D. Tenn.1901) (Court suggests that guardian or committee may be able to file a voluntary petition in bankruptcy with the sanction of the court). *Contra: In re Eisenberg*, 117 F. 786 (S.D.N.Y.1902) (a "lunatic" cannot file a voluntary petition in bankruptcy through his committee because a "lunatic" is not a qualified person as defined under the Bankruptcy Act and is not able to perform the duties arising out of the filing for bankruptcy). The *Clinton* court considered and refused to follow the *Eisenberg* case for several reasons. First, the *Clinton* court refused to construe the word "qualified" as referring to the Debtor's ability to perform the duties arising out of the filing for bankruptcy, as these duties can be performed by the guardian, but rather held that the qualifications refer only to those existing at the time of filing, such as residence and debts. Secondly, in the *Clinton* case, the filing, unlike that in *Eisenberg*, was authorized by a state court probate order. Thirdly, the *Clinton* court emphasized that the Debtor had incurred his debts before being declared insane and having a guardian appointed. Thereafter, an Order was entered in the estate of the incompetent, which authorized the guardian to file bankruptcy and which petition was thereafter filed. The court stated that, given that a person may be held accountable for civil obligations incurred while competent, "no sound reason seems to exist for depriving [the incompetent] of the privilege of the Bankruptcy Act or relieving him of its effects." *Id.* at 751.

■ Logically, the next question is whether a guardian may file for bankruptcy on behalf of an incompetent *without* specific court authorization. Geriatric does not address this issue but implicitly accepts a guardian's authority to so file by arguing that *only* a duly-appointed guardian may file for bankruptcy on behalf of the incompetent. We believe that a presumption of authority to file arises and hence we do not believe that explicit court authorization is necessary before a guardian may file bankruptcy on behalf of an incompetent, just as explicit court authorization is not needed in order for a guardian to take any other action on behalf of an incompetent with the exception, perhaps, of cessation of medical treatment or of extraordinary life preserva-

tion measures. *See, e.g., Matter of Quinlan,* 70 N.J. 10, 355 A.2d 647 (1976).[4]

■ Geriatric relies upon *Eisenberg* for the proposition that an incompetent cannot be a debtor because of the inability to assume the duties, burdens, and obligations arising from the filing of bankruptcy. However, it is not the incompetent, *per se,* but the guardian or next friend, who will fulfill the responsibilities of the debtor. Obviously, no one is arguing that the next friend is himself incompetent.

Support for the allowance of the commencement of a bankruptcy case by an incompetent is found in Bankruptcy Rule 1016, which is the only place in the Code or its Rules that a specific reference is made to the impact of the insanity or incompetency of a debtor. Bankruptcy Rule 1016 provides:

Death or insanity of the debtor shall not abate a liquidation case under Chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred. If a reorganization or individual's debt adjustment case is pending under Chapter 11 or Chapter 13, the case may be dismissed; if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Since a bankruptcy case may continue on its course despite the onset of incompetency, we see no reason for not allowing the *filing* of a bankruptcy on behalf of the incompetent by someone who is competent, such as a guardian or next friend. Furthermore, while it is true that an incompetent, by him(her)self, will not be able to perform all of the duties required of a debtor, this is equally true of one who becomes incompetent immediately after the filing for bankruptcy. *Compare In re Evanishyn,* 107 F.2d 742, 743 (2d Cir.1939) (bringing of an involuntary bankruptcy against an incompetent allowed to avoid a preference, although court declined to decide issue of whether voluntary petition can be filed by incompetent's guardian); and cases cited at pages 933–934 n. 5 *infra.* Hence, we fail to discern a reasonable basis on which to disallow an incompetent to file for bankruptcy by his or her guardian or next friend.

It is well established that an involuntary bankruptcy proceeding can be brought against an incompetent so as to result in the incompetent being adjudged a bankrupt. *Evanishyn, supra;* and *In re Holmes,* 13 F.2d 653 (D.Minn.1926). The reasoning relied upon by the courts to allow the involuntary bankruptcy filings against incompetents is as follows: First, under the laws of most states, an incompetent's property may still be reached by creditors and, since he is not protected against any action, no reason exists to disallow bankruptcy, which will produce an administration of his estate for the evenhanded benefit of all creditors. *Evanishyn, supra,* 107 F.2d at 743. Secondly, "[i]t is recognized that bankruptcy proceedings may be advantageous to all concerned, and that insane persons should not be excluded therefrom unless there is something in the Bankruptcy Act precluding the application of its broad provisions to such persons." Annotation, *Voluntary or Involuntary Bankruptcy Proceedings in Case of Incompetent or Infant,* 125 A.L.R. 1292, 1293 (1940). That there are benefits to the debtor which attach upon the filing of bankruptcy is not in dispute, e.g., relief from harassment by creditors, claims for property which the debtor is entitled to retain as exemptions.[5]

---

**4.** Of course, the question arises as to whether there should be any distinction made between a guardian and a next friend, as provided in the Federal Rules of Civil Procedure (hereinafter referred to as "F.R.Civ.P.") 17(c), which specifically allows the filing of an action by a next friend where no guardian or representative has been appointed. As is discussed *infra* at pages 935–936, we believe no distinction is warranted.

**5.** Many of the earlier cases involving involuntary petitions draw a distinction between cases where the "bankrupt" committed "acts of bankruptcy" while he or she was mentally competent. *See, e.g., In re Kehler,* 159 F. 55 (2d Cir.1908); *In re Weitzel,* 29 Fed.Cases 604 (W.D.

■ The spectre of allowing the filing of an involuntary bankruptcy proceeding against an incompetent while *not* allowing an incompetent to file a voluntary bankruptcy petition raises one of the serious Constitutional issues which we would be forced to confront if we held that the Bankruptcy Code denied an incompetent of the right to file bankruptcy. The concept of equal protection requires that "all persons in similar circumstances shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786, *reh'g denied*, 458 U.S. 1131, 103 S.Ct. 14, 73 L.Ed.2d 1401 (1982) (citing *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920)). The Debtor's argument that she will be denied equal protection of the laws if not allowed to file voluntary bankruptcy is compelling on two bases. First we cannot agree with the result of treating an incompetent, acting by her guardian or next friend, differently from a competent debtor by prohibiting the filing of a bankruptcy petition by an incompetent. We find such a distinction to be irrational. Secondly, the concept of allowing an involuntary bankruptcy to be filed against an incompetent, while not allowing the same incompetent, acting by her guardian or next friend, to do so is clearly irrational as being dissimilar treatment of the same individual based only upon the irrational distinction of who purportedly has the right to file a bankruptcy petition on the individual's behalf.

■ Another constitutional issue, even more serious, would arise from the denial of the incompetent's right to due process of law if we held that the Code precluded the filing. The Debtor accurately cites *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972); and *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), for the proposition that due process requires that access to the courts cannot be precluded. Denial of the right of an individual to file bankruptcy because of mental incompetence would clearly be a preclusion of incompetents from our Court comparable to the denial of the right of an individual to prosecute a divorce action because of poverty. Thus, as in *Boddie*, the result would be a denial of "a meaningful opportunity be heard" to a certain class of individuals in violation of due process of law. 401 U.S. at 379, 91 S.Ct. at 787.

The *Kras* case must be carefully considered because it ruled that it was not unconstitutional to require indigents to pay the requisite filing fees to proceed in bankruptcy. However, clearly *Kras* is not controlling, being easily distinguishable. If we sustained Geriatric's position, we would be *barring entirely* an incompetent's access to our Court, which is a result far more serious and more compelling than whether an indigent's access to the court is merely slightly impeded, since an indigent can file a bankruptcy immediately and subsequently pay the fees in installments.

## II. IT HAS NOT BEEN ESTABLISHED THAT THE DEBTOR DOES NOT HAVE REGULAR INCOME

■ Geriatric next asserts that the Debtor does not have regular income, as required by § 109(e), and consequently is not qualified to file a Chapter 13 Bankruptcy. Initially, we must point out that we have no factual record in the case *sub judice*, and that basis alone will suffice to require denial of Geriatric's Motion to Dismiss [6] on this basis. *See In ʳre Foster*, 19 B.R. 28, 30 (Bankr.E.D.Pa.1982) (a creditor has the burden of showing that, Debtor has no regular income). We would point out, in any event, that contrary to Geriatric's assertion, Congress specifically widened the category of those individuals eligible for

---

Wisc.1876); and *In re Pratt*, 19 Fed.Cases 1248 (D.Mass.1872). *See* Annotation, *supra*, 125 A.L.R. at 1293–96. This distinction underscores the concern of these cases that an incompetent not be unfairly disadvantaged by a filing of a bankruptcy against him or her. These concerns are absent and this distinction irrelevant when the case is a voluntary petition.

**6.** We observe that, although Geriatric raised this issue in its Motion to Dismiss, Geriatric may have wisely abandoned it, as it was not mentioned in its Brief.

relief under Chapter 13 to include those with any kind of income, e.g., welfare, social security, fixed pensions, and investment incomes. *See In re Hammonds*, 729 F.2d 1391, 1393 (11th Cir.1984) (citing H.R. Rep. No. 95–595, 95th Cong., 1st Sess. at 313, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6269); *In re Estus*, 695 F.2d 311, 314 (8th Cir.1982); and *In re McMonagle*, 30 B.R. 899 (Bankr.D.S. D.1983).

Hence, this basis for dismissal can be readily rejected by us.

## III. FELDMAN, AS THE DEBTOR'S NEXT FRIEND, IS A PROPER PARTY TO FILE THE VOLUNTARY PETITION IN ISSUE

### A. FEDERAL RULES OF CIVIL PROCEDURE (F.R.Civ.P.) 17(c) ALLOWS COURT FILINGS GENERALLY BY AN INCOMPETENT'S NEXT FRIEND

■ We begin our analysis of F.R.Civ.P. 17(c) by recognizing that Bankruptcy Rule 7017 incorporates F.R.Civ.P. 17 for adversary proceedings, thus permitting an incompetent, by his or her next friend, to initiate or defend an *adversarial* proceeding in bankruptcy. We conclude that a next friend is thus logically also a proper party to file a voluntary petition for an incompetent. Since the next friend may file every other type of federal action pursuant to F.R.Civ.P. 17, there is simply no reason to preclude a next friend from filing a bankruptcy petition and several reasons support the allowance of such an action.

F.R.Civ.P. 17(c) provides as follows:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. *If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by his guardian ad litem.* The Court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such

other order as it deems proper for the protection of the infant or incompetent person (emphasis added).

F.R.Civ.P. 17(c) has been interpreted to mean that, if an incompetent does not have a validly-appointed representative, the federal court in which the suit is brought may name a guardian ad litem or next friend to represent him, regardless of state law. *Slade v. Louisiana Power & Light Co.*, 418 F.2d 125, 126 (5th Cir.1969).

Even though the ... incompetent has a general representative, if the representative is unable or refuses to act or his interests conflict with the person represented, the incompetent may sue in federal court by his next friend or by a guardian *ad litem*. Courts have always had the power to appoint special representatives under such circumstances, and this power should be considered retained by the federal courts in Rule 17(c) (footnote omitted). 3A J. MOORE FEDERAL PRACTICE, ¶ 17.26, at 17–275 to 17–276. (2d ed. 1986).

Such are the circumstances in the case under consideration. The Debtor is indisputably incompetent and does not have a validly appointed guardian or representative. F.R.Civ.P. 17(c) is clearly applicable and suit may hence be filed by the incompetent's next friend. By the terms of F.R. Civ.P. 17(c), the court has wide authority to fashion such an order as it deems necessary for the protection of the incompetent. In the case *sub judice*, it would appear obvious that allowing the filing of a bankruptcy petition by a next friend may well be to the benefit and for the protection of the incompetent.

This Court believes that the underlying purpose of F.R.Civ.P. 17(c) is to permit someone, the next friend of an incompetent, to act expeditiously, particularly where a guardian has not been appointed, in order to protect the interests of the incompetent. That purpose is served in the case *sub judice*, where the Debtor's interests could be prejudiced if a bankruptcy petition could not be filed except by a duly-appointed guardian, as the appointment of a guardian is a process which could take

some time, especially since no such proceeding has transpired to date. The activities precipitated by the filing of any federal law suit rarely await the possibly ponderous process of the appointment of guardian. This is particularly true of this case, as in many bankruptcies, where timing is apparently significant. Thus, the filing by a next friend seems quite appropriate in this context.

### B. FELDMAN IS A PROPER PARTY TO ACT AS THE DEBTOR'S "NEXT FRIEND"

■ Having determined that F.R.Civ.P. 17(c) is applicable in the case *sub judice*, we now turn to Geriatric's argument that Feldman is not the proper party to serve as the next friend for the instant incompetent Debtor. In *Child v. Beame*, 412 F.Supp. 593, 599 (S.D.N.Y.1976), the District Court discussed F.R.Civ.P. 17(c) and, while it observed that the Rule does not define or identify who qualifies as a next friend, the Court found the term to be "broad enough to include anyone who has an interest in the welfare of an infant who may have a grievance or a cause of action." In *Child*, the court found that, although the next friend was an attorney who had not known the plaintiff-children until his aid had been enlisted by the American Civil Liberties Union, nothing had been presented on that record to impugn his good faith or interest in the plaintiff-children's welfare. The court noted that "[w]hile [the next friend] may well be interested in establishing a constitutional base for the children's claims, this is not to say he is less interested in their welfare." *Id.* Similarly, we find nothing in the record herein which would support any allegation that Feldman does not have an interest in the Debtor's welfare. In fact, it can be presumed that Feldman has the Debtor's best interest at heart given the nature of the protections of a bankruptcy filing, *e.g.*, the automatic stay.

■ Geriatric next offers two related, unconvincing arguments that Feldman and counsel representing the Debtor may not file a bankruptcy petition on behalf of the Debtor: (1) Neither have ever communicated with the Debtor; and (2) In the case of counsel, because they had not been retained by the Debtor. The absurdity of this argument becomes apparent when the Court considers that Geriatric admits to and emphasizes the fact of the Debtor's incompetence. In light of the Debtor's incompetence, any court-appointed guardian would have to function under the same handicap of no communication and "lack of authorization" to retain counsel. Hence, any court-appointed guardian would be in no better a position to represent the debtor than the next friend. It appears to this Court that what Geriatric truly wishes to accomplish is to be accorded more time, unfettered by the automatic stay of the bankruptcy filing, to reach what it can in the way of assets in order to satisfy its debt, rather than the accomplishment of a "duly-appointed guardian."

We have also found persuasive the Debtor's argument that accepting Geriatric's position would indicate that Geriatric had also been acting without authorization in providing medical care and services to the Debtor since no guardian has been appointed. Geriatric apparently seeks to have it both ways, which it cannot. Thus, we cannot accept its invitation to leave the Debtor without a guardian and without a next friend to act on her behalf on Geriatric's contention that it alone is acting in the Debtor's best interest.

The implication of Geriatric's last argument is that it is better qualified than any other entity or person purporting to act on behalf of the Debtor to determine what is in her best interests. It does not seem appropriate to us to allow this determination to be made by an interested party, i.e., a creditor such as Geriatric. Like the court in *VonBulow by Auersperg v. VonBulow*, 634 F.Supp. 1284, 1294–98 (S.D.N.Y.1986), we are reluctant to heed the claims of an adverse party that the standing of one purporting to act on behalf of an incompetent is lacking. Certainly, until Feldman is proven unworthy of his purported role to act on behalf of the Debtor, we would be presumptuous to replace him. Moreover, if we did replace him, we would be inclined to

appoint a guardian ad litem to prosecute this action, *see Burka, supra,* not dismiss the case.

Lastly, Geriatric argues that 11 U.S.C. § 109(e) does not include a next friend in the definition of who may be a debtor. Of course, it is not the next friend who *is* the Debtor. Similarly, § 109(e) also omits mention of a "guardian" from its definition, yet Geriatric concedes that a guardian is able to file a bankruptcy petition for an incompetent. We fail to discern a reasonable basis to accept this distinction.

For the reasons expressed herein, we shall enter an appropriate Order denying Geriatric's Motion to Dismiss.