**In re Charles F. JONES SS# 273–26–3924, Debtor.**

**Bankruptcy No. 1–88–02105.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 6, 1989.

Gregory P. Moran, Bethel, Ohio, for debtor.

James C. Henderson, Batavia, Ohio, for Farm Credit Bank.

Richard D. Nelson, Cincinnati, Ohio, for First Security Bank.

William R. Schumacher, Cincinnati, Ohio, Chapter 13 trustee.

Jon Hapner, Hillsboro, Ohio, for guardian.

### ORDER RE OBJECTION TO AMENDED PLAN

BURTON PERLMAN, Chief Judge.

Debtor filed his Chapter 13 petition June 8, 1988. He was given until August 8, 1988 to file his schedules and he did so on that date. Debtor is self employed. He owns a number of mobile homes which he rents. Debtor has presented a plan in which he proposed to pay arrearages within two years, and otherwise pay secured creditors 100% over five years. Unsecured creditors were to be paid 70% except for the divorced wife of debtor who was to receive 100% payment on arrearages to be made to her at the rate of $25.00 per month.

Farm Credit Bank of Louisville, a secured creditor of debtor, objected to the original plan on grounds that 11 U.S.C.

§ 1325 was not being complied with, and because the plan provisions were unclear as to whether it was being properly treated as a fully secured creditor. At the hearing on the objection, it was disclosed that prior to the bankruptcy filing, there had been a state receiver appointed to collect the mobile home rents owed to debtor. We denied confirmation of the plan originally filed. We indicated that there must be assurance that the receiver would collect the income and make payments to the trustee. In addition, we stated that the plan needed to be refined to show how Farm Credit Bank would be paid.

The debtor filed an amended plan on November 15, 1988. That plan provides that $1300.00 per month will be paid to the trustee out of the receiver's funds. The plan proposes to pay unsecured creditors 70% over a five year period. Objection to the amended plan combined with a Motion to Dismiss has been filed by First Security Bank ("First Security"), a secured creditor. A hearing on this motion was held January 4, 1989. The basis for the Objection and the Motion to Dismiss is that Charles F. Jones does not qualify as a debtor under the provisions of 11 U.S.C. § 109(e) as he is under the jurisdiction of a receiver appointed by the Court of Common Pleas of Highland County, Ohio. As an additional ground, the creditor at the hearing argued that the Probate Court of Highland County, Ohio had judged him to be incompetent on December 30, 1988.

First Security argues that the definitions in the Bankruptcy Code of a debtor are meant to be limiting and that there is no provision for a fiduciary of a debtor to qualify for a filing under Chapter 13 of the Bankruptcy Code. This creditor also argues that as the proposed debtor has been stripped of his authority over his assets, he is unable to make payments and comply with the provisions of a confirmed plan under the provisions of 11 U.S.C. § 1325(a)(6). In addition, this creditor says that confirmation should be denied because the debtor has failed to abide by the existing orders regarding the receiver in Highland County, Ohio, and the plan is therefore not feasible.

On January 4, 1989, we held a hearing on debtor's amended Chapter 13 plan. Farm Credit Bank of Louisville continued their objection to the plan, stating that the plan is not clear but does believe there is money to fund the plan. We will remark further on this continuing objection at the conclusion of this decision. Subsequent to that hearing, First Security timely filed a memorandum on the issue of the eligibility of Mr. Jones to be a debtor. No response was received on behalf of Mr. Jones.

First Security continues to argue that Mr. Jones is not qualified to be a debtor because of the appointment of the receiver and the guardian. This creditor correctly cites case law in that the Code's definition of "person" and therefore its definition of "debtor", excludes insolvent decedents' estates. *In re Goerg*, 844 F.2d 1562, 1566 (11th Cir.1988), *cert. denied*, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989). However, here a receiver was appointed prior to the filing of the bankruptcy. At that point there was nothing comparable to an insolvent decedent's estate.

The exclusivity of a receiver's title to all assets of a debtor under state law is irrelevant to the determination of whether that debtor may file for bankruptcy relief. *Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 552 (7th Cir.1985). That Mr. Jones has been stripped of authority over his assets by the receivership is therefore not relevant to the determination of whether or not he can be a debtor.

First Security also argues that Mr. Jones cannot be a debtor because he has been declared incompetent and has had a guardian appointed. It has been held that a mental incompetent can qualify as a debtor under Chapter 13 and that the mental incompetent's inability to assume the duties, burdens, and obligations arising from the filing of bankruptcy does not preclude him from seeking relief under Chapter 13; the incompetent's next friend, rather than the incompetent would fulfill the responsibilities of the debtor. *In re Zawisza*, 73 B.R. 929 (Bankr.E.D.Pa.1987). That court also stated that the incompetent

would be denied due process of law if it held that the Code precluded the filing. *Id.* at 934. A guardianship thus does not preclude the present case filing. As additional support for this conclusion we observe that since Mr. Jones was declared incompetent after the filing of his bankruptcy petition, his incompetency does not affect his qualification to be a debtor.

Further we note that B.R. 1016 regarding death or insanity of a debtor states in part that:

... If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Neither of the objectors has argued that it is not in the best interest of the parties that this case proceed.

In the light of the foregoing discussion, the objection of First Security is overruled.

Despite this conclusion, the present plan is not in condition for confirmation. Further amendment to meet the objection of the Farm Credit Bank of Louisville as indicated at the hearing is required. In addition, counsel for the debtor must provide assurances that effective arrangements can and have been made, so that regular payments from the receiver to the Chapter 13 trustee will occur. Such further amendment and assurances in writing must be provided by March 20, 1989 or this case will be dismissed.

SO ORDERED.