**In re Andrew Gilpen MYERS, Jr. and Mary Alice Myers, Debtors.**

No.  06–40808.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 24, 2006.

Robert A. Ciotola, Canfield, OH, for Debtors.

## ORDER GRANTING MOTION FOR APPOINTMENT OF NEXT FRIEND

KAY WOODS, Bankruptcy Judge.

Debtor Mary Alice Myers has moved this Court to become the "Next Friend" of her husband and co-debtor, Andrew Gilpen Myers, pursuant to FED. R. BANKR. P. 1004.1.

On June 9, 2006, Debtors Andrew Gilpen Myers and Mary Alice Myers (collectively, "Debtors") filed a voluntary Chapter 13 bankruptcy petition. The petition was filed electronically and indicates that it was signed by both Debtors. On that same day, Debtors filed Motion to Excuse Pre–Filing Counseling Based on Disability [11 USC 109(h)(4)] ("Motion to Excuse"), which requested that Mr. Myers be excused from attending pre-filing credit counseling on the basis that he is suffering from dementia, is unable to speak or otherwise communicate and that such condition appears chronic and irreversible. On June 14, 2006, Declaration re: Electronic Filing was filed, which was signed by Mrs. Myers for herself and also by Mrs. Myers on behalf of Mr. Myers. Printed under the signature of Mr. Myers are the words "By Mary Myers per P.O.A." The docket reflects that a General Power of Attorney ("Power of Attorney") was filed on June 16, 2006. The Power of Attorney is dated February 9, 2006 and is "signed" by Mr. Myers with a "Mark." The Power of Attorney purports to appoint "Mary A. Myers as [his] Attorney–in–Fact."

A hearing on the Motion to Excuse was held on July 6, 2006. In light of the information in the Motion to Excuse that Mr. Myers was suffering from dementia and could not communicate, the Court questioned whether Mr. Myers had the requisite mental capacity to appoint an attorney-in-fact at the time the Power of Attorney was signed. Mrs. Myers gave sworn testimony that Mr. Myers was confined to a nursing home and that he had been suffering from dementia for a number of years. She further testified that, although an attorney explained the Power of Attorney to Mr. Meyer prior to its execution a few months prior to the bankruptcy filing, she did not believe that Mr. Myers had the capacity to understand the attorney's explanation[1] regarding the Power of Attorney. As a consequence, this Court granted the Motion to Excuse, finding that Mr. Myers was unable to complete the requirements of 11 U.S.C. § 109(h)(1) based on "incapacity," as set forth in 11 U.S.C. § 109(h)(4), because Mr. Myers was "impaired by reason of ... mental deficiency so that he [was] incapable of realizing and making rational decisions with respect to his financial responsibilities...." 11 U.S.C. § 109(h)(4). The Court found, however, that since Mr. Myers did not have the requisite capacity to execute the Power of Attorney, the bankruptcy filing on his behalf, signed by Mrs. Myers, was not authorized. In response, counsel for Debtors stated that he intended to file a motion for this Court to appoint a guardian or next friend for Mr. Myers. On July 21, 2006, Mrs. Myers filed Motion for Appointment as "Next Friend" Under BR 1004.1 ("Motion for

1. The attorney involved in preparing and overseeing the execution of the Power of Attorney is not the same attorney representing the Debtors in this case.

Appointment"), which is now before the Court.

Mr. Myers currently has no guardian, none having been sought in the probate or other court. The Motion for Appointment is based on FED. R. BANKR. P. 1004.1, which parallels FED. R. CIV. P. 17(c). Bankruptcy Rule 1004.1 provides, in pertinent part:

The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

FED. R. BANKR. P. 1004.1. The definition of a guardian ad litem is:

A guardian, usu. a lawyer, appointed by a court to appear in a lawsuit on behalf of an incompetent or minor party.... Also termed *special advocate; special guardian; law guardian.* Cf. Next friend.

Black's Law Dictionary, 725 (8th ed.2004). Next friend is defined as:

A person who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, who is not a party to the lawsuit and is not appointed as a guardian.... Also termed *prochein ami.* Cf. Guardian ad litem.

Black's Law Dictionary, 1070 (8th ed.2004).

Since Mrs. Myers is admittedly not an attorney, this Court hesitates to appoint her as guardian ad litem for Mr. Myers. Bankruptcy Rule 1004.1, however, does permit this Court to "make any other order to protect" Mr. Myers as an incompetent. The Motion for Appointment represents that Debtors have been married for 63 years and, as a consequence, Mrs. Myers has a working knowledge of the assets, debts and finances of Mr. Myers.

■ The first issue for the Court is whether a person must be competent to qualify as a debtor under the Bankruptcy Code. Although there is not a great deal of case law on this point, the courts agree that there is no requirement in the Bankruptcy Code for a debtor to be mentally competent. In *In re Zawisza,* 73 B.R. 929 (Bankr.E.D.Pa.1987), the court held:

There is no explicit requirement in 11 U.S.C. § 109(e) or anywhere else in the Code that an individual filing a Chapter 13 Petition be competent; it states merely that an individual who meets certain other requirements may be a debtor. We are very reluctant to add to the Code requirements for filing which simply are not there.

*Id.* at 932. The *Zawisza* case concerned a creditor's motion to dismiss the debtor's bankruptcy on the grounds that the debtor's next friend was an inappropriate person to file the petition for the debtor, who was an incompetent person (the mental incompetence of the debtor was not in dispute). In denying the motion, the bankruptcy court held that the underlying purpose of FED. R. CIV. P. 17(c) (which contains identical language to that found in FED. R. BANKR. P. 1004.1) was to permit the next friend of an incompetent person to act expeditiously, particularly where no guardian had been appointed for debtor, in order to protect the incompetent's interests.

Likewise in *In re Kjellsen,* 155 B.R. 1013, 1018 (Bankr.D.S.D.1993), *rev'd* on other grounds, the bankruptcy court held:

The Bankruptcy Code contains no rule or provision that requires a debtor to be mentally competent in order to seek relief in bankruptcy. See 11 U.S.C. § 109(e); *In re Zawisza,* 73 B.R. at 932. A mentally incompetent debtor's "inability to assume the duties, burdens, and obligations arising from the filing of bankruptcy does not preclude him from seeking relief under Chapter 13." *In re Jones,* 97 B.R. 901, 902 (Bkrtcy.S.D.Ohio 1989). In fact, the subject of mental competency, and/or the lack of it, is only

found in Bankruptcy Rule 1016, which states that a pending case may continue despite the onset of a debtor's incompetency. Fed. R. Bankr.P. 1016. Very clearly, Congress made no attempt to bar an incompetent person from filing a voluntary bankruptcy petition, perhaps due to an understanding that serious constitutional issues such as due process and equal protection would arise given the fact the Bankruptcy Code allows involuntary petitions to be filed against incompetent individuals. [citations omitted.]

*Id.* at 1018. *See also In re Healy,* No. 89-4-2488-PM, 1989 WL 149679, *2 n. 1, 1989 Bankr.LEXIS 2109, n. 1 (Bkrtcy.D.Md. Nov. 17, 1989) (unpublished) ("The court finds no support for the proposition that a person under mental disability is barred from filing a bankruptcy case under Chapter 7 or that express court authorization is required before such a case may be filed by a guardian on behalf of an incompetent."); *In re Kirschner,* 46 B.R. 583, 585 n. 1 (Bankr.E.D.N.Y.1985) ("A guardian may file a voluntary petition in bankruptcy where a court order authorizes such a filing."); *In re Miller,* 133 F. 1017 (E.D.Pa.1904) (The Act of 1867 required a bankrupt to take a specified oath before he could be discharged, thus preventing discharge in bankruptcy for a person unable to do so due to death or insanity. The Act of 1898 has no such provision so insanity is not a bar to discharge, even though bankrupt did not appear at the first meeting of creditors and was not mentally capable of undergoing an examination by creditors. In *dicta,* better practice would require appointment of a guardian ad litem or involvement of a next friend.).

■ Having satisfied itself that there is no requirement that a person be mentally competent to become a debtor under the Code,[2] the Court next moves to the question of whether it has the power to appoint Mrs. Myers as the next friend for Mr. Myers. Although Bankruptcy Rule 1004.1 provides the authority to appoint a next friend, there is no provision in the Bankruptcy Code that addresses this issue.

The bankruptcy court in *In re Moss,* 239 B.R. 537 (Bankr.W.D.Mo.1999) dealt with a situation in which a debtor filed a Chapter 7 petition *pro se* and then exhibited what the court characterized as "bizarre" and "irrational" behavior in filing a pleading that she was extremely ill and could not attend the § 341 meeting in person and then later filing a pleading that represented that she had died. Both of these pleadings were found to be false, which resulted in the debtor being indicted for making false declarations to the bankruptcy court. The debtor was incarcerated and treated at a mental health facility. At that juncture of the case, the trustee filed a motion to have the court appoint a limited guardian for the debtor. The court stated:

> The Bankruptcy Codes does not specifically provide for the appointment of a guardian ad litem or, as is the case here, a limited guardian, for the general administration of a case, so we turn to the equitable powers accorded the bankruptcy court pursuant to 11 U.S.C. § 105. We also take direction from the liberal manner in which Rule 7017 has been interpreted as authorizing a guardian ad litem to file bankruptcy for a minor or incompetent. . . . Since we have already

---

**2.** The lack of a requirement of mental capacity continues to be recognized in the Bankruptcy Abuse Prevention and Consumer Protection Act. Section 109(h)(4) provides that pre-filing credit counseling may be waived when a debtor is impaired by reason of mental illness or mental deficiency. If mental competency were required to file a voluntary petition, no such exception for pre-filing credit counseling would be necessary.

determined that the appointment of a limited guardian is necessary and appropriate, our only inquiry here is whether the appointment of a limited guardian is necessary or appropriate *to carry out the provisions of this title.* The Court finds the appointment necessary and appropriate to carry out the provisions of this title because it will aid in the administration of the case, advance the goals of the Bankruptcy Code and process, and most importantly, follows directly from the way in which Rule 7017 has been interpreted and applied.

*Id.* at 543–44. (Emphasis in original.)

This Court finds and holds that Bankruptcy Rule 1004.1 and 11 U.S.C. § 105 provide this Court with the authority to make an appropriate order to protect Mr. Myers as an incompetent. The Motion for Appointment represents that Mrs. Myers, as the spouse of Mr. Myers for 63 years, is very knowledgeable about the financial affairs of Mr. Myers. Mrs. Myers appeared at the first meeting of creditors, pursuant to 11 U.S.C. § 341. She apparently answered all questions concerning both Debtors to the satisfaction of the Standing Chapter 13 Trustee. No party, including the Chapter 13 Trustee, objected or responded to the Motion for Appointment. As a consequence, it appears both appropriate and necessary for Mrs. Myers to be appointed the Next friend of Mr. Myers in order to aid in the administration of this case.

The definition of next friend, above, indicates that the next friend is one who is not a party to the lawsuit in which the next friend represents the incompetent. Because filing a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code is not adversarial in nature, there is no reason that Mrs. Myers cannot represent Mr. Myers in this case. As the bankruptcy court noted in *Zawisza:*

Of course, the question arises as to whether there should be any distinction made between a guardian and a next friend, as provided in ... [FED.R.CIV.P.] 17(c), which specifically allows the filing of an action by a next friend where no guardian or representative has been appointed.... [W]e believe no distinction is warranted.

73 B.R. at 933. Accordingly, this Court will appoint Mrs. Myers as the next friend of Mr. Myers for the limited purpose of filing the bankruptcy petition and taking all actions otherwise required by Mr. Myers as debtor, but excluding representing Mr. Myers in any adversary proceeding that may be filed against both Debtors. Because this appointment authorizes Mrs. Myers to file the petition on behalf of Mr. Myers, the appointment is *nunc pro tunc* to the filing date of June 9, 2006.

**IT IS SO ORDERED.**